**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2614
_____

UNITED STATES OF AMERICA

v.

DOROTHY ROBINSON,
a/k/a Mae-Mae, a/k/a Dorothy Johnson

Dorothy Robinson,
                                    Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 4-07-cr-00389-010)
District Judge:  Honorable James M. Munley
_____

Submitted Under Third Circuit LAR 34.1(a)
July 11, 2013
_____

Before: GREENAWAY, JR., SLOVITER and BARRY, <u>Circuit Judges</u>

(Opinion Filed: July 31, 2013)
_____

OPINION
_____

BARRY, <u>Circuit Judge</u>

        Dorothy Robinson pleaded guilty on September 3, 2009 to the distribution of

crack cocaine within 1000 feet of public housing in violation of 21 U.S.C. §§ 841(a)(1)

and 860(a).  On December 1, 2011, Robinson filed a *pro se* motion to defer payment of a $1000 fine imposed as part of her sentence until after her release from prison.  The District Court denied this motion and Robinson now appeals.  We will affirm.

## I.

Robinson entered into a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) in which she agreed to plead guilty to the distribution of crack cocaine within 1000 feet of public housing in violation of 21 U.S.C. §§ 841(a)(1) and 860(a).  The agreement provided, *inter alia*, that a fine in an amount to be determined by the court would be imposed.  Following Robinson's guilty plea, the District Court sentenced her to 216 months' imprisonment and imposed a fine of $1000.  With respect to payment of the fine, the Court directed as follows:

> During the term of imprisonment, the fine is payable every three months in an amount after a telephone allowance equal to 50 percent of the funds deposited into the Defendant's inmate trust fund account.  In the event the fine is not paid in full, prior to the commencement of supervised release, the Defendant shall, as a condition of supervised release, satisfy the amount due in monthly installments of no less than 50 dollars to commence 30 days after release from confinement.

A. 54.

Robinson filed a motion to withdraw her guilty plea the next day, a motion the District Court denied.  We affirmed on May 11, 2011.  *United States v. Robinson*, 427 F. App'x 163 (3d Cir. 2011).  Following her direct appeal, Robinson filed a litany of *pro se* motions seeking various relief, including one styled as a "Petition For Fines to be Deferred Until Release" and several addenda thereto.  A. 67-78.  In her submission,

Robinson noted that she makes only $5.25 per month for her work at the prison and would therefore have to impose upon family members for assistance in meeting her payment obligations. Due to her alleged inability to meet these obligations, Robinson requested that payment be deferred until her release from prison. The Court denied the petition in an order dated May 11, 2012, and Robinson appeals.

## II.[1]

Section 3572(d)(3) of the Sentencing Reform Act of 1984 permits a district court, upon motion by either party, to "adjust the payment schedule, or require immediate payment in full, as the interests of justice require," if there is a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine." Robinson contends that the District Court erred by failing to address more thoroughly her claim that a change in her financial circumstances as a result of her incarceration made a change in her fine payment schedule necessary. Because Robinson's motion to defer payment is entirely without merit, we disagree.

Robinson failed to make any showing that there has been a "material change" in her "economic circumstances" meriting the relief requested. To the contrary, the District Court contemplated Robinson's incarceration and inability to earn a significant sum of money when it crafted its adjustable fine payment schedule. The requirement that Robinson pay, minus her telephone allowance, "50 percent of the funds deposited into

---

[1] The District Court had jurisdiction to determine Robinson's post-judgment motion to alter or amend her fine payment schedule due to a change in financial circumstances pursuant to 18 U.S.C. §§ 3231 and 3572(d)(3). We have jurisdiction pursuant to 28 U.S.C. § 1291.

[her] inmate trust fund account," takes into consideration any fluctuations in her prison salary, and, even, the possibility of no salary. In the event Robinson were to receive insufficient funds from her prison salary or fail to receive any financial assistance from family members, the periodic fine payment requirement is adjusted to reflect her means. Accordingly, the Court properly denied Robinson's motion to alter the fine payment schedule.[2]

### III.

For the reasons set forth above, we will affirm the order of the District Court.

---

[2] There are several references in Robinson's *pro se* submissions to the District Court indicating her dissatisfaction with the Bureau of Prison's collection of her fine payments pursuant to the Inmate Financial Responsibility Program ("IFRP"). A. 73-75. To the extent that Robinson challenges the BOP's implementation of the IFRP as to her fine, the proper vehicle for such a challenge is a habeas petition under 28 U.S.C. § 2241 filed in the district in which she is serving her sentence. *See McGee v. Martinez*, 627 F.3d 933, 937 (3d Cir. 2010).